

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

MAR 20 2015

ARTHUR JOHNSTON
BY_____ DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**JAMES KEITH COOLEY, SR. and**
**BRANDIE BREWER**                                         **PLAINTIFF**

**VERSUS**                               CIVIL ACTION NO.: 2:15cv35 KS-MTP

**CITY OF WAYNESBORO, MISSISSIPPI,**
**WAYNESBORO, MISSISSIPPI BOARD OF ALDERMEN AND ALDERWOMEN,**
**Individually and collectively,**
**WAYNESBORO POLICE CHIEF OSCAR LEWIS,**
**In his official and individual capacities,**
**WAYNE COUNTY, MISSISSIPPI,**
**WAYNE COUNTY BOARD OF SUPERVISORS**
**Individually and collectively,**
**SHERIFF DARYL WOODSON,**
**In his official and individual capacities,**
**OFFICER BRENT PURCELL,**
**In his official and individual capacities,**
**JOHN AND JANE DOES A-Z,**
**In his official and individual capacities,**                    **DEFENDANTS**

<u>**COMPLAINT**</u>

**THE DEFENDANTS ARE HEREBY PUT ON NOTICE THAT THE PLAINTIFFS WILL**
<u>**EXERCISE THEIR RIGHTS TO AND DEMAND A TRIAL BY JURY**</u>

COMES NOW, Plaintiffs, James Keith Cooley, Sr. and Brandie Brewer, by and through

counsel of record, Michael W. Crosby, and for good and sufficient cause of action files this their

Complaint and in support of same would state, aver and give notice of the following:

**PRELIMINARY STATEMENT**

1.       This is a federal civil rights action brought as a result of what the Plaintiffs allege were a

blatant violation of, inter alia, the federal civil, constitutional, and human rights of the Plaintiffs.

On or about September 17, 2013, the Defendants herein, individually and in concert with one

another, in their official and individual capacities, did willfully, wantonly, and with reckless

disregard for the rights privileges and immunities of the Plaintiffs while acting under color of

1

state authority did wrongfully arrest them while utilizing inappropriate and unnecessary force,

intentionally and publicly defame the Plaintiffs, and cause them to suffer substantial deprivation

of not only property, but also liberty and wrongfully interfered with the Plaintiffs' right to the

pursuit of happiness.  The Defendants orchestrated such actions as part and parcel of a course of

conduct that resulted from a pattern and practice that has become so pervasive within the ranks

of the Defendants that the same has risen to the level of policy which the Defendants, Police

Chief Oscar Lewis, Waynesboro Board of Aldermen and Alderwomen, the Wayne County Board

of Supervisors, Sheriff Daryl Woodson, and Officer Brent Purcell, condone and encourage.

2.      As a direct and proximate consequence of the actions of the Defendants, the Plaintiffs

have been damaged and otherwise suffered injury for which they are entitled to be compensated

in an amount to be determined by a jury but not less than $50,000,000.00

## PARTIES

3.      The Plaintiff, James Keith Cooley, Sr., is an adult resident citizen of Mississippi, and at

all times material hereto, the Plaintiff was a resident of Wayne County, Mississippi where he

resided at 23 Lavell James Drive, Waynesboro, Mississippi 39367.  Wayne County is the county

wherein the alleged wrongdoing transpired.

4.      The Plaintiff, Brandie Brewer, is an adult resident citizen of Mississippi, and at all times

material hereto, the Plaintiff was a resident of Wayne County, Mississippi where she resided at

1035 Buckatunna Millry Rd., Buckatunna, Mississippi 39322.  Wayne County is the county

wherein the alleged wrongdoing transpired.

5.      The Defendant, City of Waynesboro, Mississippi, is a political subdivision, which

pursuant to statute may be served by effecting service of process upon Terri Seawright,

Waynesboro Municipal Clerk, 714 Wayne Street, Waynesboro, MS  39367.  The City of

2

Waynesboro, Mississippi is sued for allowing such illegal and blatantly offensive practices to continue in this municipality without exercising the requisite level of oversight and supervision as vested in it by the state of Mississippi.  As a consequence thereof, these Defendants participated in the violation of the rights, privileges, and immunities of the Plaintiffs, and thus, are liable to them.

6.      The Defendants, Waynesboro, Mississippi Board of Aldermen and Alderwomen, individually and collectively, are a political subdivision, which pursuant to statute may be served by effecting service of process upon Mayor Richard Johnson, Chief Executive Officer of the Board of Aldermen and Alderwomen, 714 Wayne Street, Waynesboro, MS  39367.  The Board of Aldermen and Alderwomen, individually and collectively, are sued herein in their official and individual capacities for allowing such illegal and blatantly offensive practices to continue in this municipality without exercising the requisite level of oversight and supervision as vested in it by the state of Mississippi and the city of Waynesboro.  As a consequence thereof, these Defendants participated in the violation of the rights, privileges, and immunities of the Plaintiffs, and thus, are liable to them.

7.      The Defendant, Waynesboro Police Chief Oscar Lewis, in his official and individual capacities, may be served by effecting service of process upon him at the Waynesboro Police Department, 712 Wayne Street, Waynesboro, MS  39367.  As a result of his conduct, Police Chief Oscar Lewis violated the constitutionally protected rights, privileges, and immunities of the Plaintiffs.  Consequently, this Defendant is liable to the Plaintiffs for the damages so sustained.

8.      The Defendant, Wayne County, Mississippi, is a political subdivision, which pursuant to statute may be served by effecting service of process upon Jerri Hutto, CEO, Wayne County

Board of Supervisors, 609 Azalea Drive, Waynesboro, MS 39367. Wayne County, Mississippi is sued for allowing such illegal and blatantly offensive practices to continue in this county without exercising the requisite level of oversight and supervision as vested in it by the state of Mississippi. As a consequence thereof, this Defendant participated in the violation of the rights, privileges, and immunities of the Plaintiffs, and thus, is liable to them.

9.     The Defendants, Wayne County Board of Supervisors, individually and collectively, are a political subdivision, which pursuant to statute may be served by effecting service of process upon Jerri Hutto, CEO, Wayne County Board of Supervisors, 609 Azalea Drive, Waynesboro, MS 39367. The Board of Supervisors, individually and collectively, are sued herein in their official and individual capacities for allowing such illegal and blatantly offensive practices to continue in this county without exercising the requisite level of oversight and supervision as vested in it by the state of Mississippi. As a consequence thereof, these Defendants participated in the violation of the rights, privileges, and immunities of the Plaintiffs, and thus, are liable to them.

10.     The Defendant, Sheriff Daryl Woodson, in his official and individual capacities, may be served by effecting service of process upon him at the Wayne County Sheriff's Department, 613 Court Street, Waynesboro, MS 39367. As a result of his conduct, Sheriff Daryl Woodson violated the constitutionally protected rights, privileges, and immunities of the Plaintiffs. Consequently, this Defendant is liable to the Plaintiffs for the damages so sustained.

11.     The Defendant, Officer Brent Purcell, in his official and individual capacities, may be served by effecting service of process upon him at the Wayne County Sheriff's Department, 613 Court Street, Waynesboro, MS 39367. As a result of his conduct, Officer Brent Purcell violated

the constitutionally protected rights, privileges, and immunities of the Plaintiffs.  Consequently, this Defendant is liable to the Plaintiffs for the damages so sustained.

12.     The unknown Defendants, John and Jane Does A-Z, are unknown individuals whose conduct violated the Plaintiffs' rights, privileges, and immunities as guaranteed by the Bill of Rights to the Constitution of the United States of America, the federal statutes under which this claim is prosecuted, and the laws of the state of Mississippi.

## JURISDICTION AND VENUE

13.     This honorable Court has jurisdiction over the parties and the subject matter herein as this is the county where the wrongs perpetrated against the Plaintiffs by the Defendants, jointly and severally, were committed.  The wrongs herein committed constituted violations of federal constitutional and statutory protections which invoke the original jurisdiction of this Honorable Court.  This Court also has jurisdiction to adjudicate the pendent state claims raised herein.

## FACTS

14.     In the months leading up the September 17, 2013 event, Officer Purcell and others, without evidence or factual basis, were attempting to recruit various people to entrap Mr. Cooley in something that he has never done – an illegal drug transaction.  Mr. Cooley has dedicated his life to the study of medicine, and became a licensed pharmacist so that he could help heal sickness in his community. He had never engaged in any illegal drug transaction.  Nevertheless, Officer Purcell and members of the Wayne County Sheriff's Office and Waynesboro Police Department actively attempted to recruit members of the community, former employees, females with whom Mr. Cooley had a relationship with, and females with whom he had a current relationship.  These people were told, by the "officers of the law" that it was only a matter of time before Mr. Cooley was caught illegally selling drugs, and they if these individuals would

wear a wire and get Mr. Cooley to sell them drugs, that the officers and Wayne County Sheriff's Office and Waynesboro Police Department could help them. The members of the Wayne County Sheriff's Office and Waynesboro Police Department are high ranking, and it is shockingly evident that they established practices, customs and policies to breach all standards of propriety and established protocol by specifically identifying the target and the agency's objective to the controlled informants by telling the controlled informant that it is just a matter of time before they catch "him" anyway, thereby encouraging the informant to cut corners, plant evidence, and agree with the assertions of the officer rather than maintain the integrity of the case by not identifying the target and provide for independent, credible information to be obtained by the informant. The ramifications of such behavior on the part of those members of law enforcement are frightening. The controlled informants, usually someone with a pending drug crime, look up to the officer, thinking that the officer should know what he is talking about; after all, he/she is a law enforcement officer, with a badge.

15.     In addition to making slanderous claims about Mr. Cooley to the controlled informants, the officers continued to destroy Mr. Cooley's business reputation with the suppliers of pharmaceuticals, which in effect, put him out of business.

16.     At one point, Mr. Cooley was tricked into believing that he had a purchaser for a gun safe in Alabama. While travelling to meet the buyer, Mr. Cooley was stopped in an alleged safety check by the authorities. A professional cameraman was on hand to aid in the harassment and defamation of Mr. Cooley. Upon information and belief, Officer Purcell orchestrated the entire situation. Mr. Cooley was arrested, and while in jail and in furtherance of the harassment and abuse of office against him and his family and close friends, his mother, a life time member of

the community and a person known for her peacefulness and veracity, was arrested and strip searched. The Alabama case is currently under full investigation, which limits further comment at this time. However, as a result of that orchestrated arrest, a search warrant was executed upon Mr. Cooley's place of business, a drug store, Cooley Drugs, Inc., in Waynesboro, MS. When the officers searched the premises, they again staged a harassing and defaming search without probable cause with a professional cameraman on hand to publish the rain in the media. They disabled the video surveillance system at Cooley Drugs, Inc. and took the video tapes, leaving the premises open to the criminal element, to whom they advertised and broadcast the closing of the store. Obviously, with the hundreds of guns, and the pharmaceuticals in the store, this was an invitation to every criminal for miles around to come in and take what they wanted. They did. Now, the criminals of the community have armed themselves, without the ability to be videotaped due to the action of the officers, and more crimes will certainly be committed with the weapons acquired, thanks to the officers. Officer Purcell, other to be named officers, employees and agents, and members of the Wayne County Sheriff's Department and the Waynesboro Police Department, acting in the course and scope of their employment, all without evidence or factual basis, engaged in false arrest, violation of civil rights, malicious prosecution, defamation, perjury and witness tampering.

17.     Once he bonded out, Mr. Cooley began to continue to go about his business, part of which was the real-estate business in which he rented houses. He found that several of the tenants were told by the officers that they did not have to pay rent to Mr. Cooley because he was not going to be around much longer. The tenants were encouraged to file false charges alleging overaggressive collection action. This was directly and proximately caused by the slander and actions of the officers.

18.    The newspaper reported that Officer Purcell was relieved of his duty in the Narcotics

Task Force.  Mr. Cooley believed that Officer Purcell was no longer a law enforcement officer.

Mr. Cooley also knew of Purcell's violent reputation.  On September 17, 2013, when leaving his

lawyer's office with a passenger, Ms. Brewer, and driving to his long-time home in his

community, Mr. Cooley was suddenly and unexpectedly attacked and assaulted by a person

driving a large vehicle.  In his own driveway, his truck was rammed by an unmarked pickup

truck.  Mr. Purcell was retaliating against Mr. Cooley and trying to kill him.  Mr. Cooley and Ms.

Brewer were in fear for their lives.  Any and all action taken by Mr. Cooley after Purcell attacked

him was in a desperate effort to not only stay alive, but to save the life of his passenger.  Officer

Purcell and another officer took out their assault weapons and began shooting at Mr. Cooley and

his passenger.  Bullets struck all around them, and we all know that regardless of whether the

officers were trying to shoot out tires, frighten them, or kill one or both of them, bullets hitting

metal and rubber can be deflected in any direction and maintain their lethal ability.  Once the

shooting stopped and Mr. Cooley was arrested in his own yard, Purcell attempted to hit him in

the head with the butt of his gun, but a different officer stopped him before he crushed Mr.

Cooley's skull.  Then, as practice, custom and policy established by the Waynesboro Police

Department and Wayne County Sheriff's Office, he filed criminal charges against Mr. Cooley as

an act to cover his criminal behavior.  The Waynesboro Officers also filed false reports and

destroyed video, when possible, including in Mr. Cooley's case as evidenced by Officer Purcell's

claim that their video was not working on this day.

19.    In accordance with Mississippi Code Annotated §11-46-11 a Mississippi Tort Claim

Notice Letter was mailed on September 16, 2014.  To date, none of the parties have responded to

this letter, a copy of which is incorporated and fully included with this Complaint as Exhibit "A".

## COUNT 1.

20.     The Defendants herein, jointly and severally and while acting in concert with one another, conspired to violate the Plaintiffs' constitutional and statutorily protected rights privileges, and immunities when they, while acting under color of state law and authority deprived the Plaintiff of life, liberty, property and the continued pursuit of happiness without both substantive and/or procedural due process of law, by illegally fabricating a false claim to justify wrongfully arresting and imprisoning the Plaintiffs, detaining them, causing them to remain incarcerated without trial, and through the exercise of unnecessary and unlawful use of force when they initially detained him, all in violation of 42 USC Sections 1983 and 1985(3).

21.     As a direct and proximate consequence of the illegal conduct of the Defendants, jointly and severally and while acting in concert with one another, the Plaintiffs suffered injuries to their person, property and reputation and they are therefore entitled to be compensated for the same in an amount to be determined by a jury but not less than $50,000,000.00.

## COUNT 2.

22.     The Defendants herein, the Waynesboro, Mississippi Board of Aldermen and Alderwomen, collectively and individually, and Police Chief Oscar Lewis violated the Plaintiffs' rights, privileges and immunities to be free from such illegal conduct perpetrated under color of state law when they failed to properly supervise, train, and oversee the conduct their officers and agents herein; thus, they violated 42 USC Section 1986 which was intended to prevent the same kind of illegal conduct that caused the Plaintiffs to suffer harm herein.

23.     As a direct and proximate consequence of the Defendants conduct herein as set forth in Count 2 of this Complaint the Defendants failure to affirmatively carry out their supervisory and oversight responsibilities in accordance with the applicable laws governing the same, the

Plaintiffs were injured and suffered irreparable loss to their person, property, liberty and reputation and they are therefore entitled to compensation in an amount to be determined by a jury but not less than $50,000,000.00.

## COUNT 3.

24.     The Defendants herein, the Wayne County Board of Supervisors, collectively and individually, and Sheriff Daryl Woodson violated the Plaintiffs' rights, privileges and immunities to be free from such illegal conduct perpetrated under color of state law when they failed to properly supervise, train, and oversee the conduct their officers and agents herein; thus, they violated 42 USC Section 1986 which was intended to prevent the same kind of illegal conduct that caused the Plaintiffs to suffer harm herein.

25.     As a direct and proximate consequence of the Defendants conduct herein as set forth in Count 3 of this Complaint the Defendants failure to affirmatively carry out their supervisory and oversight responsibilities in accordance with the applicable laws governing the same, the Plaintiffs were injured and suffered irreparable loss to their person, property, liberty and reputation and they are therefore entitled to compensation in an amount to be determined by a jury but not less than $50,000,000.00.

## COUNT 4.

26.     The Defendants herein while acting under color of state law, thus invoking the requisite level of state action, violated 42 USC Section 1982, when they engaged in conduct that deprived the Plaintiffs, United States citizens, of these same rights as are enjoyed by any other citizen of the United States of America to the use and enjoyment of his real and personal property. Although this action is usually reserved for use by persons of color, the Plaintiffs believe it is likewise applicable to them, for surly the Courts do not intend to interpret the applicability of

Section 1982 in such a way as to discriminate against the Plaintiffs seeking protection of the same law. Such an interpretation would constitute reverse discrimination.

27.     As a direct and proximate consequence of the Defendants conduct when they jointly and severally deprived the Plaintiffs of the quiet use and enjoyment of his real and personal property without due process of the law, the Plaintiffs were injured and suffered irreparable loss to their person, property and reputation and they are therefore entitled to compensation in an amount to be determined by a jury but not less than $50,000,000.00.

COUNT 5.

28.     The Defendants herein violated several of the Plaintiff's state protected rights when they engaged in conduct that injured the Plaintiff as a result of their negligent and grossly negligent conduct.  Such conduct includes but is not limited to, false arrest, false imprisonment, slander and libel, assault, battery, criminal conversion, common law civil conspiracy, humiliation and negligent infliction of mental and emotional distress.

29.     As a direct and proximate consequence of the defendants conduct herein they are jointly and severally liable to the Plaintiff for having caused him injury when they breached their state law duties and responsibilities not to cause the Plaintiff and others similarly situated harm or injury. Consequently, the Plaintiff was injured and suffered irreparable loss to his person, property and reputation and he is therefore entitled to compensation in an amount to be determined by a jury but not less than $1,000,000.00.

COUNT 6.

30.     The Defendants are jointly and severally liable to the Plaintiff and are required to pay the Plaintiff's reasonable attorney fees and related litigation expenses, to include experts' fees for having violated several of the Plaintiff's civil rights as protected by such federal civil rights

statutes as 42 USC Sections 1983, 1985(3) and 1986. Such fees and expenses are to be awarded separate and apart from any award to the Plaintiff for his actual compensatory damages and the same should only be limited by the fair comparable market value of prevailing in such similar cases with equal complexity, difficulty and novelty, noting the Plaintiff's counsel is herein acting as a private attorney general as the same was intended by Congress when these laws were enacted.

## PRAYER FOR RELIEF

31.     WHEREFORE, PREMISES CONSIDERED, the Plaintiffs, James Keith Cooley, Sr. and Brandie Brewer, pray that upon the filing of this Complaint that this Honorable Court will advance this matter on the trial docket and order immediately that discovery be expedited so that the Plaintiffs may try and identify John and Jane Does A-Z and amend their complaint as soon as they are known to allow this matter to proceed to a full trial on the merits preferably within the next nine (9) months.

(a.) The Plaintiffs seek compensatory damages in the amount of $50,000,000.00 against the Defendants herein, jointly and severally and in their official and individual capacities, for the violation of their federal constitutional, civil and human rights.

(b.) The Plaintiffs seeks compensatory damages in the amount of $1,000,000.00 for the deprivation of their state law rights that were violated of and by the Defendants herein jointly and severally and in their official and individual capacities.

(c.) The Plaintiffs seeks punitive damages against the Defendants, jointly and severally and in their official and individual capacities, in the amount of $100,000,000.00 for the willful, wanton and reckless disregard for the rights, privileges and immunities of the Plaintiffs such rights,

privileges and immunities being guaranteed to the Plaintiffs and persons similarly situated by the Constitution of the United States of America and the statutes supporting the same.

(d.) The Plaintiffs seeks a lodestar award of all of attorney fees, together with all litigation expenses and expert fees as a prevailing party herein, regardless of the amount of the award returned to the Plaintiffs by a jury because of the difficulty and complexity of this case.

(e.) The Plaintiffs prays for such other relief that is just, proper and equitable in the premises herein, and if the Plaintiffs have prayed for inappropriate, incomplete or inadequate relief, the Plaintiffs ask permission of this Honorable Court to allow the Plaintiffs to amend their complaint. The Plaintiffs pray for such general relief as the Court deems just, equitable and proper herein.

RESPECTFULLY SUBMITTED, this the 20th day of March 2015.


_____
Michael W. Crosby

MICHAEL W. CROSBY (MS BAR NO.: 7888)
2111 25th AVENUE
GULFPORT, MISSISSIPPI 39501
TEL: 228-865-0313
FAX: 228-865-0337
michaelwcrosby@bellsouth.net